Archibald C. Wemple, J.
The People’s ease was predicated upon the fact that the Schenectady Police, upon the authority of a search warrant, entered defendant’s apartment at 12 North Broadway, Schenectady, New York, found the defendant alone and, after a preliminary search, he located for them and he admitted to them the ownership of a jacket in which a needle and syringe were found. The officers testified that he voluntarily stated that he was the owner of the needle and syringe and that he, according to the police, admitted he had used the device for a “ joy pop.” It was stipulated on the trial that no narcotics were found on the premises and that there was no residue of narcotics found on the needle or in the syringe after analysis at the State Laboratory. In sum, the prosecution based its case upon the location of the needle and syringe in the defendant’s home and his oral admission of ownership.
On the trial, the defendant categorically denied occupying the room in which the jacket was found, denied ownership of the jacket in which the needle and syringe were found, and denied knowledge, ownership or use of the needle and syringe in question.
There was introduced in evidence a long and unsavory criminal record of the defendant covering a period up to 1940, but there was also introduced testimony of good behavior, absti *908 nence from narcotics and a good employment record from 1940 to date.
Section 1747-d of the Penal Law makes possession or control of a hypodermic syringe or hypodermic needle, or any similar instrument adapted for administering of narcotic drugs a crime, unless such possession be obtained upon a valid written prescription.
Since mere possession or control, without more, is made a criminal offense, it is imperative that the defendant’s control or possession be conclusively shown. (People v. Leon, 262 N. Y. 664 and People v. Rosen, 294 N. Y. 761, are cited.) In the case at bar, there is reasonable doubt that the needle and syringe were in the possession of or under the control of the defendant herein, and the possession shown by the People was not conclusive, positive or without semblance of doubt. In fact, there was evidence that a needle and syringe had been acquired and used by the defendant’s father-in-law, a diabetic, for legitimate use. The benefit of the doubt is accorded this defendant.
Under the circumstances, the court finds a verdict of not guilty to the indictment herein. Enter order accordingly.